UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LEXINGTON

WEST CHESTER HOST, LLC and
RAINMAKER HOSPITALITY, INC.                                             PLAINTIFFS

V.

ALLIANCE DEVELOPMENT FUND, INC. and
BLUESTONE REAL ESTATE CAPITAL, LLC                                      DEFENDANTS
_____

COMPLAINT
_____

Plaintiffs, West Chester Host, LLC ("West Chester Host"), a Kentucky limited liability company, and Rainmaker Hospitality, Inc. ("Rainmaker"), a Kentucky corporation, for their Complaint against the Defendants, Alliance Development Fund, Inc. ("Alliance"), and Bluestone Real Estate Capital, LLC ("Bluestone"), state as follows:

INTRODUCTION

1.      This is a breach of contract action to recover monies wrongfully withheld from West Chester Host and Rainmaker by Alliance under the terms a Funding Agreement entered into by the parties on June 7, 2010; to recover damages incurred by West Chester Host and Rainmaker as a consequence of the failure of Alliance to fund a loan as required by that Funding Agreement; to recover monies paid by West Chester Host and Rainmaker to Bluestone for investment banker services which resulted in the failed funding; and to recover damages incurred by West Chester Host and Rainmaker from Bluestone as a consequence of Alliance's failure to fund a loan.

PARTIES

2.  West Chester Host is a limited liability company organized under the laws of Kentucky, and is a citizen of Kentucky, New York, and Tennessee because its members are citizens of Kentucky, New York, and Tennessee.

3.  Rainmaker Hospitality, Inc., is a Kentucky corporation, with its principal office in Kentucky, and successor-in-interest to Rainmaker Hospitality, LLC, a limited liability company organized under the laws of Kentucky (whose members were citizens of Kentucky).

4.  Alliance is a Nevada corporation whose registered agent is Laughlin Associates, Inc., 2533 North Carson Street, Carson City, Nevada 89706, with a principal place of business in Georgia. Alliance is not authorized to do business in the Commonwealth of Kentucky and as such, has designated the Kentucky Secretary of State to accept service of process on its behalf.

5.  Bluestone is a Pennsylvania limited liability company whose registered address is 3600 Horizon Boulevard, Horizon Corp. Center, Suite 200, Trevose Pennsylvania 19053. Bluestone is not authorized to do business in the Commonwealth of Kentucky and as such, has designated the Kentucky Secretary of State to accept service of process on its behalf. Upon information and belief, the member or members of Bluestone are citizens of Pennsylvania.

JURISDICTION AND VENUE

6.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332(a)(1) because the parties are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

7.  Venue is proper in this Court pursuant to 28 U.S.C. §1391(a) and Local Rule 3.2(a)(1), because a substantial part of the events giving rise to the claims occurred in the Eastern

District of Kentucky, and a substantial part of property that is the subject to the action is situated in the Eastern District of Kentucky.

## FACTUAL BACKGROUND

8. In early 2010, West Chester Host and Rainmaker sought to borrow funds for developing hotel properties owned by them. West Chester Host sought to borrow funds in the approximate sum of $8,250,000.00, for the construction of a hotel in West Chester, Ohio, and Rainmaker sought to borrow funds in the approximate sum of $6,600,000.00 for the construction of an inn in Nicholasville, Kentucky.

9. In March of 2010, West Chester Host and Rainmaker entered into Agreements with Bluestone, which provided for Bluestone to provide investment banker services to arrange for the proposed financing.

10. Pursuant to the terms of the Agreements with Bluestone, West Chester Host and Rainmaker each paid a good faith deposit of $15,000.00 for a total of $30,000.00.

11. Bluestone brought to West Chester Host and Rainmaker the proposed funding from Alliance, and recommended Alliance as the source of the borrowing required by West Chester Host and Rainmaker, in the total combined sum of $15,000,000.00.

12. For purposes of convenience in administration of the two projects, West Chester Host entered into the borrowing arrangement with Alliance for the total sum for both projects. West Chester Host agreed with Rainmaker to use the funds from the borrowing to complete both projects. Both the property owned by West Chester Host and the property owned by Rainmaker were to be used as collateral for the loan.

13.     Based on the arrangements made by Bluestone, on or about June 14, 2010, West Chester Host and Alliance entered into a Funding Agreement in relation to the development of property owned by West Chester Host located in West Chester, Ohio and the development of property owned by Rainmaker located in Nicholasville, Kentucky.

14.     The Funding Agreement provided that Alliance would provide funding for these two developments in the amount of $15,000,000.00.

15.     As part of the Funding Agreement, West Chester Host and Rainmaker wired to an account maintained by Alliance the sum of $760,000.00 for the Capital Contribution Amount described in the Funding Agreement.

16.     The Funding Agreement provided for a Capital Contribution Amount in the sum of $750,000.00 and West Chester Host and Rainmaker overpaid the Capital Contribution Amount in the amount of $10,000.00, for a total sum paid to Alliance of $760,000.00.

17.     The Capital Contribution Amount was deposited in the account maintained by Alliance for that purpose on or about June 18, 2011.

18.     The Funding Agreement required (in section 2.2(a)) that Alliance deliver the requested Loan Amount for the two projects of $15,000,000.00 to West Chester Host by depositing the Loan Amount into the Credit Facility at J.P. Morgan Chase Bank, NA, in New York, within 60 business days after the date of receipt of the Capital Contribution by Alliance.

19.     The Capital Contribution Amount was received by Alliance on or about June 18, 2010, and, therefore, pursuant to the Funding Agreement, Alliance was obligated to deliver the loan amount of $15,000,000.00 into the Credit Facility, on or before September 14, 2010.

20. On or about August 19, 2010, West Chester Host and Rainmaker became aware of information which caused concern about the ability of Alliance to fund the $15,000,000.00 pursuant to the Funding Agreement. As a consequence of those concerns, counsel for West Chester Host and Rainmaker wrote a letter to Alliance requesting that the Capital Contribution Amount be delivered for escrow by counsel for West Chester Host and Rainmaker.

21. Alliance failed to place the Capital Contribution Amount in escrow as request in that letter.

22. On or about September 3, 2010, counsel for West Chester Host and Rainmaker delivered to Alliance a Draw Request #1 for payment of $2,601,391.00. On or about that same date, counsel for West Chester Host and Rainmaker delivered a letter to Alliance demanding that Alliance either fund the Draw Request #1 or release the Capital Contribution Amount back to West Chester Host and, thereby, terminate the Funding Agreement.

23. Alliance failed to respond to the demand set forth in the aforementioned letter. The latest deadline for the funding of the Funding Agreement by Alliance, September 14, 2010, passed and Alliance failed to deliver the $15,000,000.00 funding, as required by the Funding Agreement.

24. Despite repeated demands by counsel for West Chester Host and Rainmaker, Alliance has failed to fund the agreement or refund the Capital Contribution Amount, all in breach of the Funding Agreement.

25. As a result of the actions of Alliance and Bluestone, West Chester Host has suffered damages in an amount in excess of $75,000.00, exclusive of interest and costs, said amount to be determined by the Court at trial.

COUNT I
BREACH OF CONTRACT BY ALLIANCE BY FAILURE TO RETURN
CAPITAL CONTRIBUTION AMOUNT

26. Alliance has materially breached the contract with West Chester Host and Rainmaker by failing to return the Capital Contribution Amount as required by section 2.1(b) of the Funding Agreement, which requires that the Capital Contribution Amount be returned within 10 business days of written notice, if the Loan Amount is not provided within 60 business days as set forth in the Funding Agreement.

27. Notice has been given by counsel for West Chester Host and Rainmaker to Alliance concerning the failure to provide the Loan Amount and requiring the return of the overpaid Capital Contribution Amount of $760,000.00 Alliance has failed and refused to repay that Capital Contribution Amount.

28. As a result of Alliance's breach, West Chester Host and Rainmaker have suffered damages in an amount not less than $760,000.00, plus their costs herein expended, all of which constitute a liquidated sum which further entitles West Chester Host and Rainmaker to pre-judgment and post-judgment interest.

COUNT II
BREACH OF CONTRACT BY ALLIANCE FOR FAILURE
TO FUND THE LOAN

29. The actions of Alliance constitute a breach of contract with West Chester Host and Rainmaker, for failure to fund the loan in the amount of $15,000.000.00, as required by the Funding Agreement.

30. As a result of Alliance's breach under the Contract for failing to fund the loan, West Chester Host and Rainmaker have suffered damages in an amount not less than the

minimum jurisdictional amount for this Court, plus their costs herein expended, all of which constitute a liquidated sum which further entitles West Chester Host and Rainmaker to pre-judgment and post-judgment interest.

## COUNT II
## UNJUST ENRICHMENT OF ALLIANCE

31. Relying on Alliance's promise to effectuate the funding of the Funding Agreement, West Chester Host and Rainmaker paid to Alliance the sum of $760,000.00, thereby conferring a benefit upon Alliance.

32. As the result of Alliance's failure to comply with the terms of the Funding Agreement, Alliance has been unjustly enriched to the detriment of West Chester Host and Rainmaker.

33. As a result of Alliance's actions, West Chester Host and Rainmaker have suffered substantial damages in an amount in excess of the jurisdictional amount of this Court, but no less that $760,000.00.

## COUNT IV
## BAD FAITH OF ALLIANCE

34. The actions of Alliance, were done willfully, wantonly, maliciously, and with reckless disregard for the rights of West Chester Host and Rainmaker, so as to entitle West Chester Host and Rainmaker to damages for the bad faith committed by Alliance.

35. As a result of the malicious and reckless disregard for the rights of West Chester Host and Rainmaker committed by Alliance, West Chester Host and Rainmaker are entitled to punitive damages, attorneys fees, and other relief.

## COUNT V

BREACH OF CONTRACT BY BLUESTONE BY FAILURE
TO PROVIDE INVESTMENT BANKER SERVICES

36. The above-referenced actions of Bluestone including, but not limited to, failing to present and recommend a lender who is ready, willing and able to provide the loan to West Chester Host and Rainmaker, and in recommending a loan from Alliance, which was unable or unwilling to provide the required funding, constitute a breach of contract with West Chester Host and Rainmaker.

37. As a result of Bluestone's breach of the Agreement for investment banking services, West Chester Host and Rainmaker have suffered damages in an amount not less than the minimum jurisdictional amount for this Court, but not less than the amount of the Capital Contribution Amount of $760,000.00, plus their costs herein expended, all of which constitute a liquidated sum which further entitles West Chester Host and Rainmaker to pre-judgment and post-judgment interest.

38. Also as a result of Bluestone's breach of the Agreement for investment banking services, West Chester Host and Rainmaker have suffered damages in the amount of the fees paid to Bluestone in the sum of $15,000.00 each, or a total of $30,000.00 plus their costs herein expended, all of which constitute a liquidated sum which further entitles West Chester Host and Rainmaker to pre-judgment and post-judgment interest.

COUNT VI
UNJUST ENRICHMENT OF BLUESTONE

39. Relying on Bluestone's promise to provide investment banking services and Bluestone's recommendation of the loan by Alliance, West Chester Host and rainmaker paid to Bluestone the sum of $30,000.00, thereby conferring a benefit upon Bluestone.

40. Bluestone has been unjustly enriched to the detriment of West Chester Host and Rainmaker.

## COUNT VII
## NEGLIGENCE OF BLUESTONE

41. The actions of Bluestone in arranging and recommending the loan from Alliance to West Chester Host and Rainmaker were negligent, and failed to meet the minimum standard of care for the actions of Bluestone, including, but not limited to, the failure of Bluestone to exercise reasonable care under the circumstances to investigate and determine the ability of Alliance to provide the required loan and to investigate and determine other facts and issues concerning Alliance and its principals that were matters for concern about the ability or willingness of Alliance to provide the required loan.

42. West Chester Host and Rainmaker relied to their detriment upon the skills and performance of Bluestone to recommend and arrange financing for the two projects, and expended substantial funds in reliance upon Bluestone's actions in bringing to them the proposed Alliance loan.

43. As a result of Bluestone's negligence, West Chester Host and Rainmaker have suffered damages in an amount not less than the minimum jurisdictional amount for this Court, but not less than the amount of the Capital Contribution Amount of $760,000.00 and the amount of the fees paid to Bluestone in the amount of $30,000.00.

WHEREFORE, West Chester Host and Rainmaker request that the Court award the following relief:

    A.    Compensatory and punitive damages against Alliance;

    B.    Compensatory damages against Bluestone;

    C.    Costs, including attorneys fees, incurred herein;

    D.    Pre-judgment and post-judgment interest; and

    E.    All other relief to which West Chester Host and Rainmaker are entitled.

                                  s/ Scott M. Webster
                                  Scott M. Webster
                                  Attorney for Plaintiffs
                                  Jensen, Cessna, Benge & Webster
                                  303 South Main Street
                                  London, Kentucky 40741
                                  Telephone: (606)878-8845
                                  Fax: (606)878-8815
                                  scottwebster@windstream.net